## HARRIS v. YOUNG.

Upon an accounting had in the Probate Court, a balance was ascertained to be in the hands of the executor, whereupon he gave a mortgage in the nature of a declaration of trust, to hold such balance under the provisions of the will; afterwards, he paid a larger amount to a valid outstanding claim against the estate. *Held*, that the decree and mortgage were thereby satisfied, and that he was entitled to have the mortgage discharged.

---

Before PRESSLEY, J., Spartanburg, March, 1882.

The opinion states the case.

*Messrs. Duncan & Cleveland,* for appellants.

*Mr. J. S. R. Thomson,* contra.

March 12th, 1883. The opinion of the court was delivered by

MR. JUSTICE McIVER. John L. Young, having first duly made and executed his last will and testament, of which he appointed the plaintiff and the defendant, Mary T. Young, executors, died in 1862. The will was duly admitted to probate, and both of the persons named as such, qualified as executors, though the plaintiff seems to have assumed the active management of the estate.

The testator, at the time of his death, was indebted to one Shields, who died intestate, in 1864, and there being then no administration upon his estate, the plaintiff paid the said debt to the widow of Shields in Confederate money, some time in the year 1864, but did not take up the notes evidencing said debt, the widow not having possession of them. Subsequently, one Daniels took out letters of administration upon the estate of Shields, and refusing to recognize the payment made by the plaintiff to the widow, brought suit on said debt in 1867 against the plaintiff and the defendant, Mary T. Young, as executors of John L. Young, and recovered judgment thereon.

In April, 1877, under proceedings for that purpose in the Court of Probate, there was a settlement of the estate of the testator, John L. Young, in which plaintiff was allowed credit for $41.83, the value of the Confederate money paid to the widow of Shields, and by which it was ascertained that there was a balance in the hands of the plaintiff, as executor, of the sum of $541.05, due to the estate of his testator, for which a decree was entered against him on June 30th, 1877; that he holds the same " subject to the provisions and terms of the will of John L. Young, deceased," and 'that the said Thomas Harris do " execute, within thirty days from the date of this order, a mortgage on his real estate, in the nature of a declaration of trust, to secure the amount of said trust and interest thereon." In pursuance of this decree, the plaintiff, on August 14th, 1877, executed the mortgage as required, and on the same day was

required to pay and did pay the amount then due on the Shields judgment, to wit: the sum of $659.56. The plaintiff subsequently made two payments of interest to the defendant, Mary T. Young.

In 1879 this action was commenced, in which the plaintiff, by his complaint, alleges that there was a mistake in the accounting, which resulted in the decree aforesaid, by reason of the omission to take any account of the amount of the Shields judgment, which had been forgotten by the parties at the time the accounting was taken in the Probate Court, and prays: (1). " That the mistake in the aforesaid accounting and decree be corrected; (2). That the deed of trust be ordered to be canceled; (3). That plaintiff have judgment against the defendants for the amount overpaid by him, and for the costs of this action; (4). And for such other and further relief herein as the circumstances may demand, and as to the court shall seem just." The defendants resisted the action, mainly upon the ground that the decree rendered by the Court of Probate was conclusive, and that the Circuit Court has no jurisdiction to review it, except by appeal; and also contended that there was no mistake in the accounting which resulted in said decree, and which was, in effect, a compromise decree, all parties being then aware of the Shields judgment, which was duly considered in making up the decree.

The issues of law and fact were referred to a referee, who found as matter of fact: (1). " That the decree of the Probate Court was not a compromise; (2). That the failure on the part of the plaintiff, in the accounting on final settlement to put in the judgment, was a mistake; (3). That the payments to Mary T. Young, as interest on the decree, was not a mistake." Upon these findings, of fact the referee found as matter of law: (1). " That this court has jurisdiction; (2). That the mortgage or deed of trust should be canceled; (3). That the defendant, Mary T. Young, should be restrained from proceeding under the decree of the Probate Court; (4). That plaintiff is not entitled to recover the amounts paid as interest on the decree; (5). That the plaintiff is responsible for the amount wrongfully paid to the widow of Shields; (6). That the plaintiff is entitled to recover from defendants the difference between the amount of the decree, $541.05, rendered

June 30th, 1877, and the amount paid on the judgment, $659.56, on August 14th, 1877, less the amount erroneously allowed in 1864, $41.83, with interest on last-mentioned amount to this date."

To this report the defendants filed the following exceptions: 1. "In that the referee erred in second conclusion of fact. 2. In that the referee erred in his 1st, 2d, 3d and 4th conclusions of law." The Circuit judge who heard the case upon this report and these exceptions, together with the testimony accompanying the report, held that it was not necessary for him to consider whether there had been any mistake in the accounting, and, if so, whether the Court of Common Pleas had jurisdiction, except by appeal, to open the decree of the Court of Probate for the purpose of rectifying the mistake, because he found, as matter of fact, that the plaintiff had, since the decree was rendered, fully paid and satisfied it by payment of a valid judgment against the estate, and he therefore held that the plaintiff was entitled to have satisfaction entered upon the mortgage which was given to secure the amount of said decree, and accordingly ordered the clerk to enter satisfaction on the mortgage.

From this judgment the defendants appeal upon the following grounds: 1. "Because his Honor erred in not holding that the Circuit Court was without jurisdiction. 2. Because his Honor erred in not sustaining the defendants' exceptions to the report of the referee. 3. Because his Honor erred in not holding that the plaintiff was estopped from setting up the payment by him of the judgment subsequent to the decree of the Probate Court. 4. Because his Honor erred in holding that the decree of the Probate Court was satisfied by payment. 5. Because his Honor erred in holding that the payment by plaintiff of the judgment was a satisfaction of the decree of the Probate Court without re-opening the entire settlement. 6. Because his Honor erred in refusing to dismiss the complaint herein."

If the Circuit judge took a proper view of the case, as we think he unquestionably did, we do not see how many of the questions raised by the grounds of appeal can properly arise, and, therefore, we do not propose to consider them in detail. It might be conceded for the purposes of this case (though we are.

not to be regarded as expressing any opinion upon that point), that the Circuit Court would have no jurisdiction, except by appeal, to correct a mistake in an accounting before the Court of Probate, which had resulted in a decree of that court, and yet the view which the Circuit judge has taken might be fully sustained. If the Shields judgment constituted a valid claim against the estate of the testator, as we are bound to assume, in the absence of any testimony, or even allegation to the contrary, then, clearly, it was entitled to be paid out of the assets of the estate, in preference to any claim which the devisees or legatees may have had, whether those assets consisted of the property in specie left by the testator, or of a debt due to the estate by the executor on account of assets converted.

The plaintiff in that judgment could, therefore, by proper proceedings, have subjected the amount in the hands of the executor belonging to the estate, as ascertained by the decree of the Court of Probate, to the payment of the judgment; and if he had done so, it surely could not have been contended that the executor would still be liable to the legatees for the amount which he had thus been compelled to pay to a creditor who had a right superior to that of the legatees. And if the executor could have thus been compelled to make this application of the amount in his hands, then, certainly, if he did that voluntarily which the law afforded the means of compelling him to do, the same result would follow. Even if the executor had turned over all the assets belonging to the estate to the legatees, the creditor could still pursue those assets in the hands of the legatees, and the fact that those assets consisted of a debt due by the executor to the estate, cannot have the effect of altering the legal principles applicable.

The decree of the Court of Probate had ascertained that there was a certain amount in the hands of the plaintiff, as executor, belonging to the estate of his testator, which he was required to hold "subject to the provisions and terms of the will," and the mortgage in question was given to secure the performance of the requirements of the decree. The will is not set out in full in the record, and, therefore, we are not distinctly informed whether there was any specific direction therein as to the pay-

ment of debts, but we are certainly·at liberty to infer that there was, for, even if there was not, the law would supply such ·omission.   When, therefore, the executor shows, as he has done in this case, that he has applied the whole of the balance ascertained to be in his hands belonging to the estate, to the payment ·of a valid claim against said estate, he has shown full performance of the requirements of the decree, and he is therefore entitled to have satisfaction entered upon the mortgage given for ·the sole purpose of securing compliance with the terms of that ·decree.

We do not deem it necessary to consider the question whether ·the settlement in the Court of Probate should be re-opened, and leave the parties to take such course as they may be advised in reference to that matter.

The judgment of this court is, that the judgment of the ·Circuit Court be affirmed.